United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, | |
|     Plaintiff, | No. C 12-1248 PJH |
|     v. | **ORDER REMANDING CASE** |
| ALEJANDRO RAMIREZ, et al., | |
|     Defendants. | |
| _____/ | |

    Luis Guevara-Martinez ("Guevara-Martinez"), claiming to be the defendant in the above-entitled action, removed the action from the Superior Court of California, County of Alameda, on March 13, 2012, alleging both federal question and diversity jurisdiction. Guevara-Martinez also seeks leave to proceed in forma pauperis.

    This is an unlawful detainer action brought by The Bank of New York Mellon, as Successor Indenture Trustee Under Novastar Mortgage Funding Trust, Series 2006-1 ("BNY Mellon") against defendants Alejandro M. Ramirez and DOES 1-6, following a February 14, 2011 non-judicial foreclosure sale of residential property previously owned by Mr. Ramirez.

    The court finds that the case must be remanded for lack of subject matter jurisdiction. Subject matter jurisdiction is fundamental and cannot be waived. <u>Billingsly v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party.

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); see also Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to consider claims for which they lack subject-matter jurisdiction).

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively, however, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Albingia Versicherungs A.G. v. Schenker Int'l, Inc., 344 F.3d 931, 936 (9th Cir. 2003).

Subject matter jurisdiction is determined from the face of the complaint. Toumajian v. Frailey, 135 F.3d 648, 653 n.2 (9th Cir. 1998) ("[f]or removal to be appropriate, a federal question must appear on the face of the complaint"); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); Fifty Assocs. v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1189-90 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). Jurisdiction may not be based on a claim raised as a defense or a counterclaim. See Smith v. Grimm, 534 F.2d 1346, 1350 (9th Cir. 1976).

The complaint in this case alleges a single cause of action under state law, for unlawful detainer to recover possession of property following a non-judicial foreclosure sale of the property. A copy of the complaint is attached as an exhibit to the notice of removal.

The complaint alleges that on March 6, 2011, following the non-judicial foreclosure sale, BNY Mellon served a three-day notice to quit, on Mr. Ramirez. Mr. Ramirez failed to vacate premises at the end of the three-day period. BNY Mellon filed the unlawful detainer

complaint as Case No. RG 11566303 on March 17, 2011 in the Alameda County Superior Court.

The notice of removal alleges no facts from which the court can find that it has federal question jurisdiction under 28 U.S.C. § 1331. Guevara-Martinez asserts that jurisdiction is proper under the laws of the United States, but does not point to anything in the complaint to support that allegation. Nor, indeed, has the court located anything in the complaint that raises a federal statutory or constitutional provision as the basis for the unlawful detainer action. Rather, the complaint alleges only a single claim under California Code of Civil Procedure § 1161a. As no federal question is raised on the face of the complaint, there is no federal question jurisdiction.

Nor is there diversity jurisdiction under 28 U.S.C. § 1332, as the amount in controversy is under $75,000.00. The complaint specifies on the caption page that the demand "does not exceed $10,000.00" The complaint seeks restitution of the premises, and damages in the amount of $50.00 per day from March 10, 2011, up to the date of judgment, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that BNY Mellon is seeking in damages. Thus, liability does not exceed $75,000.00.

Accordingly, as the court lacks subject matter jurisdiction, the motion to remand is GRANTED. The action is hereby REMANDED to the Alameda County Superior Court.[1]

**IT IS SO ORDERED.**

Dated: May 3, 2012

PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court also finds that the case was improperly removed based on the fact that Guevara-Martinez is not named as a defendant in the complaint, and Mr. Ramirez did not join in the notice of removal.

3